## Rupp *v.* Stith.

PRINCIPAL AND AGENT.—A. sold to B. a number of sheep, to be delivered at a certain time and place, of a specified quality, and at a stipulated price per pound. On the day agreed upon for the delivery, B. sent a letter to A., stating that on account of sickness he had sent a man to receive the sheep according to contract, directing A. to weigh the sheep and send the weight thereof, and promising to send the money therefor by express; and B. instructed his said agent to receive none but good sheep, which fact was communicated by said agent to A., who delivered a certain number of sheep to the agent, who had a fair opportunity to judge of their quality, and did so judge, and received the sheep as good sheep. ·
*Held,* that B. was bound by said action of his agent.

APPEAL from the Vigo Common Pleas.

Suit to recover the price of a number of sheep sold and delivered by the appellee to the appellant.

Issues were formed, which were tried by a jury, who found for the plaintiff, for whom judgment was rendered accordingly, a motion by the appellant for a new trial having been overruled.

It is urged here that the instructions given to the jury were erroneous. The court, of its own motion, instructed as follows: "If you believe from the evidence that Stith sold to defendant a lot of sheep, to be delivered at a future time, for three and one-half dollars per one hundred pounds, at Rockville, and to be of as good quality for mutton as another lot previously sold by plaintiff to defendant; and that on the day of delivery the defendant sent a letter to the plaintiff stating that on account of sickness he had sent a man to receive the sheep according to contract, and for plaintiff to weigh and send the weight of the sheep, and the defendant would send the money by express for them, and also instructed his man to receive no sheep that were not good sheep, and this fact was communicated by his said man to Stith; under this state of facts, if proved, the plaintiff had the right to deliver the sheep to such person, and the person sent had a right to receive the sheep as agent for his prin-

cipal, and to judge of the quality of the sheep, and to reject or receive them according to his judgment; and his judgment is, in law, the judgment of his principal; and if Stith delivered to the agent a certain number of sheep, and the agent had a fair opportunity to judge of the quality of the sheep, and did so judge and receive the sheep as good sheep, his decision is binding upon his principal; and if defendant has sent an incompetent person to act for him, and he has sustained loss by his incompetency or want of judgment, it is his own fault, and not the fault of plaintiff."

The other instructions, given at the request of the plaintiff, were to the same effect.

RAY, J.—The instructions were clearly correct. It was not in the power of the appellant to relieve himself from the obligation imposed by his contract, to receive the sheep at the point agreed upon. He was required to receive or reject at that place, and his agent could not relieve him from this responsibility and change the point of delivery to the inconvenience of the appellee. There can be no question of special agency in this case. The act to be performed was an acceptance or rejection of the property tendered, and the agent appointed to act of necessity had power to bind his principal.

Judgment affirmed, with costs.

*J. P. Baird* and *C. Cruft,* for appellant.

*W. Mack* and *J. M. Allen,* for appellee.